UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY LEE KROFT,

    Plaintiff,

v.                                         Case No. 2:20-cv-396-JLB-NPM

JEFFREY ROBINSON, VINCENT
NORIEGA, STEPHEN GAHRMANN,
FNU HARDEN, RAYMOND WALTON,
and NURSE WILSON,

    Defendants.

## **ORDER**

Plaintiff has filed a Motion for Temporary Restraining Order. (Doc. 35.) In the motion, Plaintiff lists incidents of "excessive force, retaliation issues, and constitutional rights violations ongoing [at Charlotte Correctional Institution from] 9/1/2018 until the present time." (Id. at 1.) Plaintiff seeks an order transferring him from Charlotte to another prison. (Id. at 9.)

Because Plaintiff has neither complied with the Local Rules or the Federal Rules of Civil Procedure, and he has failed to meet his burden with respect to the factors required for injunctive relief, his motion is denied.

### I.     Legal Standards

Injunctive relief such as a temporary restraining order is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction

would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001); see also Fed. R. Civ. P. 65(b).

"The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.' " United States v. Lambert, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting University of Texas v. Camenisch, 451 U.S. 390, 395 (1981)). Therefore, "the relief sought in the motion [must] be closely related to the conduct complained of in the actual complaint." Edler v. Gielow, No. 3:08-cv-530-WS, 2009 WL 1660013, at *3 (N.D. Fla. June 15, 2009) (citing Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) and Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975)). Furthermore, "the persons from whom the injunctive relief is sought must be parties to the underlying action." Id. (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842 43 (11th Cir. 1995)).

"Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." Lambert, 695 F.2d at 539 (quoting State of Texas v. Seatrain International, S.A., 518 F.2d 175, 179 (5th Cir. 1975)).

## II. Discussion

Plaintiff has not shown that injunctive relieve should be granted. First, he presumably seeks relief from a classification officer at the Florida Department of Corrections who has the authority to decide housing issues. The named

2

defendants in this case do not have that authority. "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (citation omitted). The Court has no jurisdiction over any person who is not a party in this litigation, and thus no relief can be provided to Plaintiff.

Next, even if the proper Department of Corrections defendants were named, prisoners have no constitutional right to remain in, or be transferred to, a particular correctional facility. Meachum v. Fano, 427 U.S. 215 (1976); Montayne v. Haymes, 427 U.S. 236 (1976); see also Olim v. Wakinekona, 461 U.S. 238 (1983) (noting that transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause). Because Plaintiff does not have the right to be housed in any particular facility, this Court cannot interfere with housing decisions of the Department of Corrections.

Third, while Plaintiff has alleged past incidents of disturbing behavior from the staff at Charlotte Correctional Institution, he has not demonstrated that a preliminary injunction is necessary to prevent a future irreparable injury. Injunctive relief cannot be granted based on a mere perceived or suspected threat of harm. See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005); Williams v. Bd. of Regents of the Univ. Sys. of Ga., 477 F.3d 1282, 1302–03 (11th Cir. 2007). Rather, to satisfy the irreparable injury requirement, Plaintiff must both identify the irreparable injury that he will suffer if the injunction does

not issue and show that the threat of injury is "neither remote nor speculative, but actual and imminent."  See Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir.1990).  The conduct Plaintiff now seeks to enjoin is unrelated to the conduct alleged in the complaint.  Other than speculating that he needs a transfer because he might be subject to excessive force or poor treatment at Charlotte in the future,[1] Plaintiff has not shown that the defendants named in his complaint offer an actual and imminent threat.  Again, Plaintiff provides only unsupported and vague allegations in his motion, and if the constitutional violations have already occurred (as alleged in his motion), he has an adequate remedy at law in this Court, including filing separate actions under 42 U.S.C. § 1983.

Finally, Plaintiff did not comply with Rules 6.01 and 6.02 of the Local Rules of the United States District Court for the Middle District of Florida or Rule 65 of the Federal Rules of Civil Procedure when drafting his motion.  These rules govern this Court's decision as to whether an injunction shall issue.  Specifically, Plaintiff has not provided a "precise and verified description of the conduct and the persons subject to restraint."  M.D. Fla. L.R. 6.01(a)(2), 6.02(a)(1).  Nor has Plaintiff provided the security required by Rule 65(c) to "pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

---

[1] Plaintiff is currently held at the Reception and Medical Center in Lake Butler. (Doc. 39.)  This appears to be only a temporary placement—as Plaintiff asserts that he is being house there for a trial—which would not moot Plaintiff's motion for a temporary restraining order.

Because Plaintiff has not met his burden with respect to each of the factors required for an injunction or complied with the Local or Federal Rules for injunctive relief, his Motion for Temporary Restraining Order (Doc. 35) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 29, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties