IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY LEE KROFT,

     Plaintiff,

vs.                           Case No. 2:20-cv-396-JLB-NPM

COLONEL ROBINSON, FNU NORIEGA, FNU
GARMEN, FNU HARDEN,
CORRECTIONAL OFFICER WALTON,
I. WILSON

     Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW**, Defendants Gahrmann, Noriega, Walton, and Robinson, by and through undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint (Doc. 76).

## ANSWER

### I. "Complaint"

Admitted that Plaintiff is attempting to bring a claim under 42 U.S.C. § 1983. Defendants deny that Plaintiff has successfully stated a claim.

### II. "Plaintiff Information"

Admitted that Plaintiff is an inmate in the custody of the Florida Department of Corrections.

### III. "Status"

Section III is admitted.

## IV. "Defendant(s) Information"

Admitted that Defendants 1-4 are employees of the Department of Corrections.

## V. "Statement of Claim"

Defendants deny that Plaintiff has successfully stated a claim for any constitutional violations.

### "Facts"

### Paragraph No. 1:

Defendants are without knowledge as to the allegations in this paragraph. Additionally, service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden.

### Paragraph No. 2:

Sentence No. 1 is denied as to Defendant Walton. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden. Sentence No. 2 is denied. Defendants are without knowledge as to the remainder of the sentences.

### Paragraph No. 3:

Sentence No. 1 is denied as to Defendant Walton. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden. Denied as to the remainder of the sentences.

### Paragraph No. 4:

Sentence No. 1 is denied as to Plaintiff's characterization of the force used. Defendants admit that a use of force event took place on the date alleged and aver that Defendants utilized appropriate use of force to resolve the security threat presented by Plaintiff. Denied as to the remainder of the sentences. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden.

### Paragraph No. 5:

Sentence No. 1 is admitted to the extent that Plaintiff obtained a laceration to the left

eye, Defendants deny that Plaintiff's jaw was broken during the incident and aver that medical records reflect a jaw fracture. The remainder of the sentence is denied. As to the second sentence, Defendants admit that Plaintiff obtained abrasions to his face during the incident, otherwise denied.

**Paragraph No. 6**:

Sentence No. 1 is denied. Sentence No. 2 is admitted to the extent Plaintiff has been diagnosed with hearing loss but denied that Defendant Gahrmann caused same. Defendants are without knowledge as to the allegation of a "disfigured right ear."

**Paragraph No. 7**:

Sentence No. 1 is denied as to the allegations against Defendant Robinson. Defendants are without knowledge as to Sentence No. 2. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden. Defendants are without knowledge as to Sentence No. 3.

**Paragraph No. 8**:

Sentence No. 1 is denied as to the allegations against Defendants Robinson, Walton, and Gahrmann. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden. Sentence No. 2 is denied. As to, Sentences No. 3 and No. 4, Defendants admit that Plaintiff sustained injuries to his ribs and vertebrae, but deny that Plaintiff's injuries are attributed to the acts of Defendant Walton as described in the Complaint.

**Paragraph No. 9**:

Defendants are without knowledge as to Sentence No. 1. Sentence No. 2 is admitted. Defendants are without knowledge as to Sentences No. 3 and No. 4.

**Paragraph No. 10**:

Sentence No. 1 does not pertain to the FDOC Defendants and does not require an answer by Defendants. As such, Defendants neither admit nor deny same. Sentence No. 2 is admitted to the extent it alleges fractures were later detected by the use of X-rays. Defendants are without knowledge as to the remainder of Sentence No. 2. Sentence No. 3 does not pertain to FDOC Defendants. As such Defendants are not required to answer same.

**Paragraph No. 11**:

Defendants are without knowledge as to the allegations in this paragraph.

**Paragraph No. 12**:

Sentence No. 1 is admitted. As to the remainder of the allegations, Defendants admit only that Plaintiff was transported to, and received treatment at Lee Memorial Hospital; otherwise without knowledge as to the remainder of the sentences.

**Paragraph No. 13**:

Admitted that Plaintiff sustained fractures to his ribs, vertebra, great toe, left little finger, left index finger, and left side of mandible. Admitted that Plaintiff sustained a laceration to his eye and abrasions to his face. Admitted that Plaintiff has been diagnosed with hearing loss and arthritis, and that he has been treated with pain medication. Denied to the extent the fractures are attributed to Defendants. All other allegations are denied.

**Paragraph No. 14**:

Defendants are without knowledge.

**Paragraph No. 15**:

This paragraph does not pertain to Defendants. As such Defendants are not required to answer same. Insofar as an answer is required, Defendants are without knowledge.

**Paragraph No. 16**:

Admitted.

**Paragraph No. 17**:

Admitted that Plaintiff did not receive a disciplinary report following the incident in question. Otherwise, Defendants are without knowledge.

**"Statement of Claim"**

**Paragraph No. 18**:

Defendants incorporate the responses in ¶¶ 1 - 17 as if fully set forth herein.

**<u>Paragraph No. 19</u>**:

Denied as to the allegations against Defendants Robinson, Noriega, Gahrmann and Walton. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden.

**<u>Paragraph No. 20</u>**:

Sentence No. 1 is denied as to the allegations against Defendants Robinson, Noriega, Gahrmann and Walton. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden. Sentence No. 2 does not pertain to Defendants and as such, an answer is not required.

**<u>Paragraph No. 21</u>**:

Sentence No. 1 is denied as to the allegations against Defendants Robinson, Noriega, Gahrmann and Walton. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden. Sentence No. 2 is denied.

**<u>Paragraph No. 22</u>**:

Denied as to Plaintiff's characterization of the use of force as a "wrongdoing." Admitted that Plaintiff sustained physical injuries. Defendants are without knowledge as to the allegation concerning "embarrassment and mental anguish."

**<u>Paragraph No. 23</u>**:

This paragraph does not seek an answer by Defendants. Insofar as an answer is required, denied.

**"Injuries"**

**<u>Paragraph No. 24</u>**:

Admitted as to the injuries sustained by Plaintiff. Denied that Defendant Walton caused the injury or injuries.

**<u>Paragraph No. 25</u>**:

Admitted as to the injury sustained by Plaintiff. Denied that Defendant Gahrmann caused the injury.

**Paragraph No. 26**:

As to Sentence No. 1, admitted that Plaintiff sustained fractures, denied that Defendant Walton caused the fractures. Sentences 2, 3, and 4 are admitted. Defendants are without knowledge as to the allegation in Sentence No. 5.

**Paragraph No. 27**:

This paragraph concerns injuries that are attributed to Defendant Harden. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden.

**Paragraph No. 28**:

This paragraph concerns injuries that are attributed to Defendant Harden. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden.

**Paragraph No. 29**:

This paragraph concerns injuries that are attributed to Defendant Harden. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden.

**Paragraph No. 30**:

Admitted that Plaintiff sustained injuries in his right ear. Denied that Defendant Gahrmann caused the injuries. Defendants are without knowledge as to Plaintiff's characterization of the injuries.

**Paragraph No. 31**:

Admitted that Plaintiff has been diagnosed with hearing loss through a hearing test conducted by staff at Charlotte CI. Denied that Defendant Gahrmann caused it.

**Paragraph No. 32**:

This paragraph concerns injuries that are attributed to Defendant Harden. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden.

**Paragraph No. 33**:

This paragraph concerns injuries that are attributed to Defendant Harden. Service has not been perfected as to Defendant Harden and as such, an answer is not required as to allegations pertaining to Defendant Harden.

**Paragraph No. 34**:

Admitted.

**Paragraph No. 35**:

Sentence No. 1 is admitted to the extent that Plaintiff sustained a laceration to the left eye. Otherwise, Defendant Gahrmann is without knowledge. Sentences No. 2 and No. 3 are admitted.

**Paragraph No. 36**:

Sentence No. 1 is admitted to the extent that Plaintiff sustained abrasions to the face. Otherwise, Defendant Gahrmann is without knowledge. Sentence No. 2 is admitted.

**Paragraph No. 37**:

Defendants are without knowledge as to the allegations in this paragraph.

**Paragraph No. 38**:

Defendants are without knowledge as to the allegations in this paragraph.

## VI.    "Administrative Procedures"

This section does not require a response.

## VII.    "Relief"

This section is denied.

## VIII.   "Litigant's Litigation History"

Defendants are without knowledge as to Plaintiff's litigation history.

## IX.    "Plaintiff's Declaration and Warning"

To the extent this section is construed to require a response, it is denied.

## AFFIRMATIVE DEFENSES

1.  Defendants acted reasonably with the discretion of their positions and within the course and scope of their employment and did not violate any clearly established statutory or constitutional right of the Plaintiff of which a reasonable person would have known, and therefore, are entitled to qualified immunity from suit. By use of this Affirmative Defense, Defendants in no manner, implied or otherwise, admit to any of Plaintiff's allegations as so herein indicated.

2.  Plaintiff did not suffer a physical injury that is greater than *de minimis* due to the action or inaction of the Defendants and is therefore not entitled to compensatory or punitive damages under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

3.  Plaintiff was given ample opportunity, including all requisite warnings plus an additional amount of time to comply with lawfully-issued orders of corrections officials. It was only after such opportunity and repeated warnings that Plaintiff disobeyed lawful commands prompting appropriate use of force by corrections officials.

4.  Defendants did not apply excessive force or otherwise abuse Plaintiff in violation of Plaintiff's constitutional rights.

5.  The type and amount of force used upon Plaintiff was the minimal amount necessary to resolve the security threat presented by Plaintiff and prevent further

assault upon an officer and to gain lawful compliance from Plaintiff and did not amount to excessive force.

6.   Plaintiff cannot establish that the Defendants acted with deliberate indifference to the health or safety of the Plaintiff, nor can establish that Defendants acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. § 1983.

7.   Plaintiff has failed to state a claim for punitive damages because he has not alleged the type of conduct that would meet the standards set forth by *Smith v. Wade*, 461 U.S. 30, 56 (1983).

8.   Defendants are entitled to reduction of any award to the Plaintiff for indemnity received by the Plaintiff from collateral sources as provided for in § 768.76, *Florida Statutes*, as well as any judgments or debts owed to the State of Florida, including civil restitution liens pursuant to subsections 960.292(2) and 960.293(2)(b), *Florida Statutes*.

9.   The damages and relief sought by Plaintiff are unreasonable, unwarranted, and excessive.

## RESERVATION OF RIGHT TO AMEND

Defendants reserve the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear appropriate upon further discovery being conducted in this case.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury for all matters so triable as of right.

**WHEREFORE,** having fully answered the Third Amended Complaint, Defendants deny the Plaintiff is entitled to the relief sought, or any relief whatsoever. Defendants respectfully request judgment in their favor and against Plaintiff.

Dated: November 30, 2021    Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Linda Shaljani*
Linda Shaljani
Assistant Attorney General
Florida Bar No. 107071
Linda.Shaljani@myfloridalegal.com
*Eugenia Izmaylova*
Senior Assistant Attorney General
Florida Bar No. 1003467
Office of the Attorney General
Concourse Center IV
3507 E. Frontage Road, Suite 150
Tampa, FL 33607
(813) 233-2880 – Telephone
Eugenia.Izmaylova@myfloridalegal.com
*Counsel for Col. Jeffrey Robinson, Lt. Vincent Noriega, Cpt. Stephen Gahrmann, and Officer Raymond Walton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2021, I electronically filed the foregoing with the Clerk of Court using the NextGen CM/ECF system, which will electronically serve copies of the foregoing upon those parties capable of receiving such service. I further certify that I served by First-Class U.S. Mail a copy of the foregoing document to Plaintiff, *pro se*, Jimmy Lee Kroft, DC# X25395, Reception

and Medical Center, P.O. Box 628, Lake Butler, Florida 32054-0628.

*/s/ Linda Shaljani*
Assistant Attorney General