Rev. 5/20

# United States District Court
### Middle District of Florida
### Fort Myers Division

Jimmy Lee Kroft
_____
*(In the space above enter the full legal name of the plaintiff)*

-against-

Jeffrey Robinson, Colonel, Charlotte C.I.
Vincent Noriega, Lt., Charlotte C.I.
Stephen Gahrmann, Sgt., Charlotte C.I.
Raymond Walton, officer, charlotte C.I.
Officer Harden (FNU), officer, charlotte C.I.
_____

*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the*
*space provided, please write "see attached" in the space*
*above and attach an additional sheet of paper with the full list*
*of names. The names listed in the above caption must be*
*identical to those contained in Section IV. Do not include*
*addresses here.)*

Case No. 2:20-cv-0396
(To be filled out by Clerk's
Office only)

## COMPLAINT
*(Pro Se* Confined Litigant)

Jury Demand?
☑ Yes
☐ No

3rd Amended 42 U.S.C.A
§ 1983

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**Page 1 of 10**

Rev. 5/20

## I.     COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑   42 U.S.C. § 1983 (state, county, or municipal defendants)

☐   Action under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971) (federal defendants)

## II.    PLAINTIFF INFORMATION

Kroft, Jimmy L.
Name (Last, First, MI)                                        Aliases

X25395
Identification #

Regional Medical Center (R.M.C.) — Main Unit
Place of Detention

P. O. Box 628
Institutional Address

Lake Butler (Union Co.)        Florida        32054
County, City                   State          Zip Code

## III.   STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☑   Convicted and sentenced state prisoner
☐   Convicted and sentenced federal prisoner

Rev. 5/20

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    <u>Robinson, Jeffrey</u>
Name (Last, First)

<u>Assistent Warden at Santa Rosa C.I.</u>
Current Job Title

<u>5850 East Milton Road</u>
Current Work Address

<u>Milton Co., Santa Rosa, FL.      32083</u>
County, City                    State          Zip Code


Defendant 2:    <u>Noriega, Vincent</u>
Name (Last, First)

<u>Lieutenant at Charlotte C.I.</u>
Current Job Title

<u>33123 Oilwell Rd</u>
Current Work Address

<u>Charlotte, Punta Gorda, FL. 33955</u>
County, City                    State          Zip Code

**Page 3 of 10**

Rev. 5/20

**Defendant(s) Continued**

Defendant 3:  Gahrmann, Stephen
Name (Last, First)

Captain at Charlotte C.I.
Current Job Title

33123 Oilwell Rd.
Current Work Address

Charlotte, Punta Gorda, FL. 33955
County, City          State          Zip Code


Defendant 4:  Walton, Raymond
Name (Last, First)

Correctional Officer at Charlotte C.I.
Current Job Title

33123 Oilwell Rd.
Current Work Address

Charlotte, Punta Gorda FL. 33955
County, City          State          Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

Rev. 5/20

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: Charlotte C.I.'s Eastside chowhall and outside of it.

Date(s) of occurrence: December 4th, 2018

State which of your federal constitutional or federal statutory rights have been violated:

8th Amendment Constitutional Rights
1st Amendment Constitutional Rights

*State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).*

FACTS:

> What happened to you?

1.) I went to breakfast at charlotte C.I. on the morning of 12/4/18. As I finished my meal, sitting at the table with witnesses, I became aware of a disturbance outside of the chowhall. When I went to dump my tray, I looked out the door to the outside area and seen multiple officers piled on top of an inmate I later found out to be Coy Dotson and noticed that some of the officers appeared to be striking Dotson with punches. I stated to the officers that I was going to report their actions and became immediately confronted by officer Harden who began threatening me with physical harm. He said " Shut the fuck up, we'll beat your ass too snitch!"

2.) Next, officer Harden went a got officer

Rev. 5/20

Walton and they both were threatening me now with physical harm for stating that I was going to report the officers for beating inmate Coy Dotson outside. Walton declared that "he was from Jersey and would fuck me up for writing a grievance!" I then told them both that "I was indeed going to write a grievance on them because I too had been attacked by an officer at Charlotte C.I. and was tired of them abusing inmates." Walton and Harden then exited the chowhall at some time following this and advised the Colonel, Colonel Robinson, that I said that I was going to write a grievance on them. Mr. Robinson glared at my direction, and then gave the officers instructions. Officers then announced to the inmates held up in the chow hall to "go back to your dorms!"

3.) As I tried to exit the chowhall, officers Harden and Walton tried to grab me outside the door saying "come here motherfucker!" In fear for my safety because the officers were trying to physically attack me off of the camera, I immediately retreated back into the chowhall under the view of the video camera and made my way to the wall to put my hands on the wall submissively. That's when I heard the Colonel tell the officers to "get that motherfucker, get him off of camera and

<div style="border:1px solid black; display:inline-block; padding:4px;">Who did what?</div>

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

Page 6 of 10

Rev. 5/20

beat his fucking ass!"

4.) Officer Walton and other officers slammed the Plaintiff (me) on the ground inside the chowhall on camera and placed me in handcuffs. I was forced outside and off of a camera's safety with no use of force camera present after the force was used against me, then once outside, I was immediately slammed once again to the concrete by then sgt. Gahrmann, officer Walton, and officer Harden. I looked towards the Colonel's direction to ask for help from him or Lt. Noriega who stood next to him, and seen and heard the colonel instruct officers Gahrmann, Walton, and Harden to beat my ass! He stated to the officers to "break every goddamn bone in his body and beat his snitching ass! He can write that up when his bones heal!" When I was slammed to the concrete, I was in handcuffs and not resisting in any way.

5.) Sergeant Gahrmann, who the Plaintiff knew to be a troublemaker officer, positioned hisself on my back and sat using his body weight to pin me and my arms from being able to move and began striking me in the face with closed fist breaking my jaw and splitting my left eye. He then slammed my face into the concrete a couple times and began thrashing



Was anyone else involved?

Rev. 5/20

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

The Plaintive is seeking judgment against all named Defendants for both punitive and compensatory damages in monetary form for the claims against them, for loss of liberty, pain and suffering, embarrassment, and mental anguish.

The Plaintiff demands that the Defendants pay the total costs of litigating this case, court costs, etc.

The Plaintiff demands compensation for all past, present, and future medical expenses related to these injuries.

The Plaintiff demands a trial by jury on all triable issues.

Rev. 5/20

## VIII.  LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

### ALL LITIGANTS MUST ANSWER:.

Have you to date brought any other lawsuits in state or federal court while a confined?       ☐ Yes     ☒ No

    If yes, how many? _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Rev. 5/20

## IX.    PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

| | |
|---|---|
| Dated | Plaintiff's Signature |
| Kroft, Jimmy L. | |
| Printed Name (Last, First, MI) | |
| X25395 | |
| Identification # | |

| B.M.C. - Main Unit | Lake Butler | FL | 32054 |
|---|---|---|---|
| Institutional Name | City | State | Zip Code |

# IV.

# Additional Defendants

Defendant 5: (FNU) Harden, ?
                          Last , First
              Currently unknown
              current job title
              Currently unknown
              Current Work Address
              Currently unknown
              County, City, state, zip code


\* It should be noted that Mr. Harden was
a correctional officer at Charlotte C.I. during
the time of the incident in which this suit
manifested.

Attachment page 1 of 11

# Section V

Continued!

my face side to side causing injuries to my nose and abrasions to my face.

6.) Sgt. Gahrmann then began striking me in the head and face, and also in my right ear with a walkie talkie radio, which caused the hemmoraging in my right ear and the hematoma. Because of that injury, I now have partial loss of hearing and a disfigured right ear.

7.) Next officer Harden, under the orders of Col. Robinson, pried my left index and little figure open and yanked them using his momentum, strength, and force intently at odd angles to intently break them, as Colonel Robinson instructed him to do so. He caused the two finger fractures, which caused arthritis because of the location and calcium build-up which deteriorated my cartilege from friction, loss of mobility and strength, and constant pain. My hand will never be the same again from what Dr. Winters and Dr. Noe told me. Harden also stomped on my bare toes breaking my big toe

8.) Next, under the supervision of Colonel Robinson and encouragement, officer Welton

# Section V

Continued:

began driving his knee down into my right rib cage intentionally breaking my ribs, while Gahrmann and Hayden assisted him by holding me pinned and defenseless. Officer Walton, being a pretty large man, actually jumped up in the air and then drove his knee down as, I could hear the Colonel saying "that's it, break his goddamn ribs!" Me being a skinny guy, Walton broke bones with each knee drop. He broke two ribs and my L-1 vertebra.

9.) I began begging for my life between gasps for air. Colonel Robinson ordered them to get me on my feet and make me walk to confinement. I was drifting in and out of consciousness as several officers had to assist me towards confinement housing. I became aware of a video camera now being used after the officers beat me being operated by a female sgt.

10.) I was taken into a room and examined by the nurses who I told what happened. They refused to take me to the doctor even though I told where I thought each broken bone existed, which were actually found to

Attachment page 3 of 11

# Section V

## Continued:

indeed be broken upon Xray exams at Lee
Memorial Hospital later on. Nurse Wilson told
me to "put in a sick call to see the doctor,
ain't nothing wrong with you!"

11.) I was then taken to the shower in confinement
to be strip searched while the use of force
camera was rolling. I told the camera that I
had been attacked by several officers.

12.) After being placed in confinement I was
eventually granted a medical emergency and
taken to see the doctor. After hearing my story,
describing my injuries, and witnessing blood
oozing from my right ear, doctors Noe
and another doctor determined that they
believed my injures may be very serious and
decided to have me transported to Lee
Memorial Hospital for CAT SCANS. I was
transported to Lee Memorial soon after.

13.) Xrays at the hospital confirmed all the
fractures listed in my "injuries" subsection.

14.) I was placed in the infirmary at Charlotte
once the doctors viewed the Xray results.

15.) On 12/5/18, I advised Warden Snider of
the attack and asked to speak to the I/G. He

# Section V

Continued:

stated that he would send the investigator to speak to me but never did.

16.) On 12/6/18, I was transported to R.M.C. to be treated for my injuries

17.) After 7 working days, I was released from confinement with no DR.

## Statement of Claim

18.) Plaintiff realleges the above facts in #'s 1-17 as if fully set forth therein

19.) Defendants Robinson, Noriega, Gahrmann, Walton, and Harden violated the Plaintiff's 8th Amendment Rights by utilizing excessive force. (see #'s 3-8)

20.) Defendants Robinson, Noriega, Gahrmann, Walton, and Harden violated the Plaintiff's 8th Amendment Rights when they all "failed to Intervene" when and before excessive force was being utilized.

# Section V.

Continued

21.) Defendants Robinson, Noriega, Gahrmann, Walton, and Harden violated the Plaintiff's 1st Amendment Rights when they retaliated on the Plaintiff for stating that "he was going to report them" for abusing Coy Dotson. The Defendants retaliated in such a way that they used excessive force and caused multiple significant injuries that will satisfy the "more than de minimis" physical injury rule of the Prison Litigation Reform Act. (See #'s 1-8)

22.)
   As a result of the wrong doings described above, the Plaintiff suffered multiple bodily injuries described in the statement of facts section and under the injuries section, pain and suffering, embarrassment, and mental anguish.

23.) Plaintiff also uses all other articles of evidence to support these claims including all grievances written that are related to the incident and other misconduct of the Defendants; all video and electronic data related to this incident; medical records; sworn statements,

# Section V.

Continued:

and any and all other relevant evidence.

## <u>Injuries</u>

24.) Fractured L-1 vertebra. Plaintiff was xrayed at Lee Memorial Hospital via catscan which revealed this fracture. Medical staff in RMC's "Urgent Care Unit" noted the injury and gave instructions to remain immobilized and instructed the Plaintiff to wear a back brace. Pain medications were given, and no further treatment was rendered. Walton caused this injury.

25.) Fractured left mandible. This injury was revealed both at Lee Memorial Hospital via catscan and via xrays at RMC. This injury required surgery which was performed at RMC to wire the Plaintiff's mouth shut; pass for a liquid diet was written and pain medications. Gehrmann.

26.) Two fractured ribs, also caused by Walton, in the right side. Plaintiff ordered to remain immobilized and wear back brace. A spirometer

# Section V.

Continued :

was given to the Plaintiff and he was ordered
to use it to prevent catching pneumonia. Plaintiff
was ordered pain meds and several passes were
written. Xrays at Lee Memorial and RMC revealed it.

27.) Fractured left index finger ; caused by
officer Harden. Xrays at Lee Memorial and
RMC revealed this injury. Finger was splinted
and then casted at RMC. The Plaintiff
had to undergo physical rehabilitation to
regain some mobility and strength. Pain meds.

28.) Fractured left little finger ; also caused
by Harden. Xrays at Lee Memorial and RMC
revealed this injury. Finger was splinted
and then casted at RMC. The Plaintiff had
to undergo physical rehabilitation to
regain some mobility and strength. Pain meds.

29.) Fractured big toe of left foot ; also caused
by Harden. Xrays at Lee Memorial and RMC
revealed this injury. Toe was taped and
Plaintiff ordered to wear soft shoes, pain meds,
and passes written at RMC.

# Section V.

Continued:

30.) Hematoma to right ear; caused by bahrmann hitting me with the walkie talkie radio. Caused from hemorrhaging in the ear.

31.) Hearing loss; also caused by bahrmann hitting me with the walkie talkie radio. Hearing test conducted by medical staff at Charlotte C.I.

32.) Arthritis in left pinky finger joint; caused by Harden. Xrays showed cartilege damage caused by the calcium build up around the healing fracture. Being prescribed pain meds.

33. Arthritis in left index finger joint, also caused by Harden. Xrays showed cartilege damage caused by the calcium build up around the healing fracture according to Dr. Winters at RMC. Two doctors reviewed my Xrays and determined that arthritis from these injuries was the source of all the pain in my left hand pinky and index finger knuckles.

34. Arthritis in spine around the L-1 vertebra

# Section V.

Continued:

injury... After making complaints of continuous
back pain in the L-1 vertebra area of my spine;
Dr.s reviewed the Xrays and determined that
I also had arthritis in my spine around the
vertebra. I'm recieving pain meds to cope.

35.) Laceration to left eye; caused by Gahrmann
punching me. stitches were required and
the injury left scarring. Treated by medical.

36.) Multiple Abrasions to face; caused by
Gahrmann. Treated by medical.

37.) Mental Trauma (PTSD). Caused by
every one of the Defendant's attacking me,
torturing me, etc ... Seeking counseling

38.) All injuries caused irrepairable and
perminent damages.

# Relief VII.

Continued:

For violating the Plaintiff's 8th Amendment Rights by failing to intervene when officers Gahrmann, Walton, and Harden began utilizing "excessive force" against Plaintiff Jimmy Lee Kroft, and also by instructing the officers to attack Kroft and by supervising the beating, the Plaintiff is requesting $100,000.00 in compensatory damages and $50,000.00 in punitive damages jointly and seperately, against Jeffrey Robinson. $5,000.00 in punitive damages for violating Kroft's 1st Amendment.

For violating the Plaintiff's 8th Amendment Rights by failing to intervene the attack against Kroft and by also supervising it, the Plaintiff is requesting $50,000.00 in punitive damages jointly and seperately against Vincent Noriega. $5,000.00 in punitive damages for violating Kroft's 1st Amendment Rights.

For violating the Plaintiff's 8th Amendment Rights by using excessive force against Jimmy Kroft, and failing to intervene in a way that would have prevented other officers from violating Kroft's Rights, the Plaintiff requests $500,000.00 in compensatory damages, and $50,000.00 in punitive damages jointly and seperately against Gahrmann, Walton, and Harden. $5,000 each in punitive damages for violating Kroft's 1st Amendment Rights.