UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY LEE KROFT,

    Plaintiff,

vs.                                          Case No. 2:20-cv-396-JLB-NPM

WARDEN DEREK SNIDER, et al.,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW**, Defendants Snider, Gahrmann, Noriega, Walton, Robinson, Laux, Boone, and Pavese, by and through undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's Sixth Amended Complaint (Doc. 125).

### INTRODUCTION

1. Denied.

2. Denied.

### JURISDICTION AND VENUE

3. Admitted that Plaintiff brings a claim under 42 U.S.C. §§ 1983 and 1988. Defendants deny that Plaintiff has successfully stated a claim.

4. Admitted.

5. Admitted.

6. Admitted.

## PARTIES

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

## RELEVANT FACTS

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant Pavese is without knowledge.

24. Denied.

25. Denied as phrased. Denied that Defendants attacked another prisoner. Defendants are without knowledge as to Plaintiff's state of mind.

26. Denied.

27. Denied.

28. Denied that Defendant Noriega was present for the use of force incident. Denied that Defendant Noriega had the ability to intervene or otherwise stop any harm to Plaintiff. Denied as to the characterization of the force utilized by Defendants Pavese and Walton. Admitted that Defendant Walton took reasonable actions to take custody of Plaintiff's person after Plaintiff refused to comply with lawfully-issued orders. Defendants are without knowledge as to Defendant Pavese's presence at the scene.

29. Denied as phrased. Admitted that Defendants Laux, Walton, and Boone took custody of Plaintiff's person after Plaintiff refused to comply with Defendants' lawfully-issued orders. Defendants are without knowledge as to Defendant Pavese's presence at the scene. Defendant Sperling is deceased and as such, not served with the present lawsuit. Accordingly, an answer is not required as to any allegations pertaining to Defendant Sperling.

30. Admitted as to Defendants Walton and Boone. Defendants are without knowledge as to Defendant Pavese's presence at the scene. Defendant Sperling is deceased and as such, not served with the present lawsuit. Accordingly, an answer is not required as to any allegations pertaining to Defendant Sperling.

31. Denied as phrased. Admitted that Defendants Boone, Walton, Laux, and Gahrmann took reasonable actions to maintain custody of Plaintiff's person after Plaintiff refused to comply with Defendants' lawfully-issued orders. Defendants are

without knowledge as to Defendant Pavese's presence at the scene. Defendant Sperling is deceased and as such, not served with the present lawsuit. Accordingly, an answer is not required as to any allegations pertaining to Defendant Sperling.

32. Denied.

33. Denied.

34. Denied.

35. Denied as phrased. Admitted that Defendants Walton, Laux, Boone, and Gahrmann followed their superior's orders. Denied that Defendant Robinson's orders were unconstitutional. Defendants are without knowledge as to Defendant's Pavese presence at the scene.

36. Denied as to Plaintiff's characterization of the force used. Defendant Gahrmann admits that he utilized appropriate use of force to resolve the security threat presented by Plaintiff.

37. Denied as to Plaintiff's characterization of the force used. Defendant admits that a use of force event took place on the date alleged and avers that Defendant utilized appropriate use of force to resolve the security threat presented by Plaintiff.

38. Denied.

39. Denied.

40. Denied.

41. Denied as to Plaintiff's characterization of the force used. Defendant admits that he utilized appropriate use of force to resolve the security threat presented by Plaintiff.

42. Denied.

43. Denied.

44. Admitted that Defendant Robinson ordered Plaintiff to be escorted to medical, otherwise denied.

45. Admitted that Plaintiff was examined by medical staff. Defendants are without knowledge as to the remainder of the allegations in this paragraph.

46. Defendants are without knowledge.

47. Defendants are without knowledge.

48. Admitted.

49. Defendants are without knowledge as to any actions of the unnamed prisoner. The remainder of the allegations in this paragraph are denied.

50. Admitted that Plaintiff was examined by a doctor and was thereafter transferred to a hospital. Denied that Defendants brutally attacked Plaintiff. Denied insofar as Plaintiff's alleged injuries are attributed to Defendants' actions or omissions.

51. a. Admitted that Plaintiff sustained fractures to his vertebrae and that his treatment included the use of a back brace. Denied that vertebrae fractures resulted in arthritis.

b. Denied that Plaintiff's jaw was fractured during the incident and aver that medical records reflect a mandible fracture and that treatment included wiring Plaintiff's mouth shut.

c. Admitted that Plaintiff sustained fractures to his ribs and that his treatment included the use of a back brace and spirometer.

   d. Admitted that Plaintiff sustained fractures to the left index finger and pinky fingers that he has received treatment for same.

   e. Admitted that Plaintiff sustained fractures to the left big toe and prescribed soft shoes as a result.

   f. Admitted that Plaintiff sustained a hematoma and hemorrhaging in the ear. Admitted that Plaintiff has been diagnosed with hearing loss.

   g. Defendants deny that Plaintiff's eye was lacerated during the incident and aver that medical records reflect a lacerated left *eyebrow*.

   h. Admitted that medical records reflect abrasions to Plaintiff's face following the incident.

   i. Denied.

  52. Denied.

  53. Denied.

## COUNT I

### Violation of 42 U.S.C. § 1983 for First Amendment Retaliation
### (against Colonel Robinson, Captain Gahrmann, Sergeant Laux, and Officers Pavese, Boone, and Walton)

Defendants Robinson, Gahrmann, Laux, Pavese, Boone, and Walton repeat their responses in paragraphs 1 through 53 above, as if fully set forth herein and further state:

  54. Denied.

  55. Denied.

  56. Denied.

57.	Admitted that Plaintiff has a First Amendment right to report misconduct via the filing of a grievance. Denied that Plaintiff's First Amendment right was violated.

58.	Denied.

59.	Denied.

60.	Denied.

61.	Admitted that Plaintiff has retained counsel. Denied that Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE, Defendants Robinson, Gahrmann, Laux, Pavese, Boone, and Walton seek dismissal of Plaintiff's Sixth Amended Complaint and that Plaintiff recovers nothing.

## COUNT II

### Violation of 42 U.S.C. § 1983 for Excessive Force
### (against Captain Gahrmann, Sergeant Laux, and Officers Walton, Boone, and Pavese)

Defendants Gahrmann, Laux, Walton, Boone, and Pavese repeat their answers in paragraphs 1 through 53 above, as if fully set forth herein and further answer:

62.	Admitted that Plaintiff has an Eighth Amendment right to be free from cruel and unusual punishment while incarcerated. Denied that Plaintiff's Eighth Amendment right was violated.

63.	Denied.

64.	Denied.

65.	Denied.

66. Denied.

67. Admitted that Defendant Walton handcuffed Plaintiff. Denied that Plaintiff submitted to orders or otherwise complied with Defendants' lawful orders.

68. Denied.

69. Denied.

70. Denied.

71. Admitted that Plaintiff has retained counsel. Denied that Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE, Defendants Gahrmann, Laux, Walton, Boone, and Pavese seek dismissal of Plaintiff's Sixth Amended Complaint and that Plaintiff recovers nothing.

## COUNT III

### Violation of 42 U.S.C. § 1983 for Supervisor Liability
### (against Colonel Robinson, Sergeant Laux, and Captain Gahrmann)

Defendants Robinson, Laux, and Gahrmann repeat and re-allege their answers in paragraphs 1 through 53 above, as if fully set forth herein and further answer:

72. Admitted that Defendant Robinson had supervisory authority over Defendants Pavese, Boone, Walton, Laux, and Gahrmann. Denied that Defendant Gahrmann was present at the alleged scene.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Admitted that Plaintiff has retained counsel. Denied that Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE, Defendants Robinson, Laux, and Gahrmann seek dismissal of Plaintiff's Sixth Amended Complaint and that Plaintiff recovers nothing.

## COUNT IV

### Violation of 42 U.S.C. § 1983 for Failure to Intervene
### (against Lieutenant Noriega, Captain Gahrmann, Sergeant Laux, and Officers Walton, Boone, and Pavese)

Defendants Lieutenant Noriega, Captain Gahrmann, Sergeant Laux, and Officers Walton, Boone, and Pavese repeat and re-allege the answers in paragraphs 1 through 53 above, as if fully set forth herein and further answer:

79. Denied that Defendant Noriega witnessed excessive force committed against Plaintiff. Denied that Defendant Noriega was present for the use of force against Plaintiff. Denied that Defendants Walton, Boone, Laux, Gahrmann, and Pavese committed extreme violence and torture on Plaintiff in violation of the Eighth Amendment to the U.S. Constitution. Defendant Sperling is deceased and as such, not served with the present lawsuit. Accordingly, an answer is not required as to any allegations pertaining to Defendant Sperling.

80. Denied.

81. Denied as phrased. Denied that Plaintiff was "attacked." Admitted that government officials may not beat or use *gratuitous* force against a prisoner who is

*subdued* or *incapacitated*. *Skrtich v. Thornton*, 280 F.3d 1295, 1303 (11th Cir. 2002) (emphasis added).

82. Denied that gratuitous violence was used against Plaintiff. Denied that Defendants were in a position to stop gratuitous violence against Plaintiff.

83. Denied.

84. Denied.

85. Denied.

86. Admitted that Plaintiff has retained counsel. Denied that Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE, Defendants Noriega, Gahrmann, Sergeant Laux, and Officers Walton, Boone, and Pavese seek dismissal of Plaintiff's Sixth Amended Complaint and that Plaintiff recovers nothing.

## COUNT V

### Violation of 42 U.S.C. § 1983 for Failure to Protect
### (against Warden Snider, Colonel Robinson, and Lieutenant Noriega)

Defendants Warden Snider, Colonel Robinson, and Lieutenant Noriega repeat and re-allege paragraphs 1 through 53 above, as if fully set forth herein and further answer:

87. Admitted that Plaintiff has an Eighth Amendment right to be free from cruel and unusual punishment, while incarcerated. Denied that Plaintiff's Eighth Amendment right was violated.

88. Denied that Defendants Noriega, Snider, and Robinson each knew that

there was a substantial risk of harm to Plaintiff. Denied that Defendant Noriega personally observed and heard Defendant Robinson's orders to break Plaintiff's bones. Denied that Defendant Snider was made aware of Defendant Robinson's orders. Denied that Defendant Robinson made orders to beat and break Plaintiff's bones.

89. Denied that Defendants Snider, Robinson, and Noriega were deliberately indifferent to any risk to Plaintiff. Denied that Defendant Robinson issued orders to beat Plaintiff and break Plaintiff's bones. Denied that other prisoners were removed from the dining hall for the purpose of segregating Plaintiff.

90. Denied that Defendants Snider, Robinson, and Noriega were deliberately indifferent to any risks to Plaintiff. Denied that Defendant Noriega was present for the use of force against Plaintiff. Denied that Plaintiff was brutally attacked and tortured. Denied that Defendants failed to protect Plaintiff. Denied as to the characterization of the force used. Defendants admit that a use of force event took place on the date alleged and aver that appropriate use of force was utilized to resolve the security threat presented by Plaintiff.

91. Denied.

92. Denied.

93. Denied that Defendants Noriega, Robinson, and Snider inferred or knew of any risks to Plaintiff. Denied that Defendants failed to protect or otherwise act. Denied that Defendant Noriega was present for the use of force against Plaintiff.

94. Denied.

95. Denied.

96. Admitted that Plaintiff has retained counsel. Denied that Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE, Defendants Snider, Robinson, and Noriega seek dismissal of Plaintiff's Sixth Amended Complaint and that Plaintiff recovers nothing.

### COUNT VI

### Violation of 42 U.S.C. § 1983 for Failure to Treat
### (against all Defendants)

Defendants repeat and re-allege paragraphs 1 through 53 above, as if fully set forth herein and further answer:

97. Admitted that Plaintiff has an Eighth Amendment right to timely and adequate medical treatment while incarcerated.

98. Denied.

99. Denied that Defendants Pavese, Boone, Walton, Laux, and Gahrmann maliciously and sadistically beat and tortured Plaintiff or committed any of the acts or omissions alleged in this paragraph. Denied that all Defendants were present during the use of force against Plaintiff. Denied that Defendants knew or should have known that Plaintiff had an objectively serious medical need that if left unattended would pose a substantial risk of harm. Defendant Sperling is deceased and as such, not served with the present lawsuit. Accordingly, an answer is not required as to any allegations pertaining to Defendant Sperling.

100. Denied that Plaintiff was tortured. Denied that Plaintiff was gasping for air, begging for life, or demanding medical attention.

101. Denied.

102. Denied that Defendants knew that Plaintiff was in serious need of medical care. Denied that Defendants disregarded the risk of serious harm to Plaintiff by refusing to immediately permit him to seek more than cursory treatment. Denied that the treatment received by Plaintiff amounted to no treatment at all insofar as it attributes same to any acts or omissions of Defendants.

103. Denied.

104. Admitted that Plaintiff was examined by a nurse. Denied that Defendants prohibited Plaintiff from other medical treatment. Otherwise, Defendants are without knowledge.

105. Admitted that Plaintiff was returned to confinement and housed with another prisoner. Denied that Plaintiff continued to plead for real medical treatment.

106. Defendants are without knowledge as to the actions by Plaintiff's cellmate. Admitted that Plaintiff was taken to see a doctor.

107. Admitted that Plaintiff was taken to a hospital. Defendants are without knowledge as to the timing of the doctor's orders or requests.

108. Admitted that imaging taken at the hospital showed various fractures and injuries.

109. Denied.

110. Admitted that Plaintiff has retained counsel. Denied that Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE, Defendants Snider, Robinson, Noriega, Gahrmann, Laux,

Boone, Pavese, and Walton seek dismissal of Plaintiff's Sixth Amended Complaint and that Plaintiff recovers nothing.

## COUNT VII

### Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985(2)
### (against Warden Snider, Colonel Robinson, Sergeant Laux, Captain Gahrmann and Officers Pavese, Boone, and Walton)

Defendants Warden Snider, Colonel Robinson, Sergeant Laux, Captain Gahrmann, and Officers Pavese, Boone, and Walton repeat and re-allege paragraphs 1 through 53 above, as if fully set forth herein and further answer:

111. Denied.

112. Denied.

113. Denied as to the allegations against defendants Snider, Robinson, Laux, Gahrmann, Pavese, Boone, and Walton. Defendants are not required to respond to allegations pertaining to Nurse Wilson and are without knowledge regarding same.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Admitted that Plaintiff has retained counsel. Denied that Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE, Defendants Snider, Robinson, Laux, Gahrmann, Pavese, Boone, and Walton seek dismissal of Plaintiff's Sixth Amended Complaint and that Plaintiff recovers nothing.

## DEMAND FOR A JURY TRIAL

This section does not require a response.

## AFFIRMATIVE DEFENSES

1. Defendants acted reasonably with the discretion of their positions and within the course and scope of their employment and did not violate any clearly established statutory or constitutional right of the Plaintiff of which a reasonable person would have known, and therefore, are entitled to qualified immunity from suit. By use of this Affirmative Defense, Defendants in no manner, implied or otherwise, admit to any of Plaintiff's allegations as so herein indicated.

2. Plaintiff did not suffer a physical injury that is greater than *de minimis* due to the action or inaction of the Defendants and is therefore not entitled to compensatory or punitive damages under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

3. Plaintiff was given ample opportunity, including all requisite warnings plus an additional amount of time to comply with lawfully-issued orders of corrections officials. It was only after such opportunity and repeated warnings that Plaintiff disobeyed lawful commands prompting appropriate use of force by corrections officials.

4. Defendants did not apply excessive force or otherwise abuse Plaintiff in violation of Plaintiff's constitutional rights.

5. The type and amount of force used upon Plaintiff was the minimal amount necessary to resolve the security threat presented by Plaintiff and prevent further assault upon an officer and to gain lawful compliance from Plaintiff and did not amount to excessive force.

6. Plaintiff cannot establish that the Defendants acted with deliberate indifference to the health or safety of the Plaintiff, nor can Plaintiff establish that Defendants acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. § 1983.

7. Plaintiff has failed to state a claim for punitive damages because he has not alleged the type of conduct that would meet the standards set forth by *Smith v. Wade*, 461 U.S. 30, 56 (1983).

8. Defendants are entitled to reduction of any award to the Plaintiff for indemnity received by the Plaintiff from collateral sources as provided for in § 768.76, *Florida Statutes*, as well as any judgments or debts owed to the State of Florida, including civil restitution liens pursuant to subsections 960.292(2) and 960.293(2)(b), *Florida Statutes*.

9. The damages and relief sought by Plaintiff are unreasonable, unwarranted, and excessive.

## RESERVATION OF RIGHT TO AMEND

Defendants reserve the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear appropriate upon further discovery being conducted in this case.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury for all matters so triable as of right.

**WHEREFORE,** having fully answered the Sixth Amended Complaint, Defendants deny the Plaintiff is entitled to the relief sought, or any relief whatsoever. Defendants respectfully request judgment in their favor and against Plaintiff.

Dated: August 2, 2022

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ *Linda Shaljani*
Linda Shaljani
Assistant Attorney General
Florida Bar No. 107071
Linda.Shaljani@myfloridalegal.com
*Eugenia Izmaylova*
Senior Assistant Attorney General
Florida Bar No. 1003467
Office of the Attorney General
Concourse Center IV
3507 E. Frontage Road, Suite 150
Tampa, FL 33607
(813) 233-2880 – Telephone
Eugenia.Izmaylova@myfloridalegal.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 2, 2022, I electronically filed the foregoing with the Clerk of Court using the NextGen CM/ECF system, which will electronically serve copies of the foregoing upon those parties capable of receiving such service. I further certify that I served by First-Class U.S. Mail a copy of the

foregoing document to Plaintiff, *pro se*, Jimmy Lee Kroft, DC# X25395, Reception and Medical Center, P.O. Box 628, Lake Butler, Florida 32054-0628.

                                                 */s/ Linda Shaljani*
                                                 Assistant Attorney General