UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY LEE KROFT,

    Plaintiff,

v.                                                                 Case No. 2:20-cv-396-JLB-NPM

JEFFREY ROBINSON, VINCENT
NORIEGA, STEPHEN GAHRMANN,
RAYMOND WALTON, DEREK SNIDER,
THEODORE LAUX, JOSEPH BOONE
AND PAUL PAVESE,

    Defendants.
_____

## ORDER

This case has been referred for a settlement conference. (Doc. 134.) All parties and their lead counsel are hereby **ORDERED** to appear by Zoom videoconference on **October 31, 2022, at 11:00 a.m.** Zoom instructions have been, or will be, sent to Counsel.

The parties and their counsel will comply with the following requirements:

    1.    **Time Commitment:** The court has reserved the entire day for the settlement conference. The parties and their counsel shall be available for the entire day.

2. **Settlement Authority:** All parties will appear for the settlement conference with full and complete settlement authority. Any uninsured entity will appear by a designated representative with full and complete settlement authority. Any insured party will appear along with a representative of the insurer with full and complete settlement authority.

3. **Zoom Videoconference:** The court cautions the parties that an extra and sustained degree of mindfulness will be required for videoconferencing to be worthwhile for all involved, and that it expects counsel and the parties to participate in the settlement conference in good faith and as if they were appearing in person. For efficiency, the court recommends each party be in the same physical location with its respective counsel, but accommodations will be made if this is not reasonably feasible. The participants are directed to carefully select their locations to ensure the absence of interruptions or distractions. Furthermore, all participants are to remain in a fixed location and logged into the Zoom session throughout the entire settlement conference. They are further directed to maintain the confidentiality of the video conferencing information supplied by the Clerk. Finally, each participant is directed to contact the Court's IT staff to run a test from the device and location they intend to use for the conference. Further instructions regarding Zoom will be sent separately.

**The Clerk will provide a copy of this order to Mayo Correctional Institution, which will, in turn, provide Mr. Kroft and counsel with the appropriate equipment and private accommodations to participate. To avoid the expense and inconvenience of transporting Mr. Kroft to Fort Myers for an in-person conference subject to a writ of habeas corpus ad prosequendum, the Florida Department of Corrections is encouraged to transport Mr. Kroft to a facility of its choosing if necessary to facilitate his attendance by Zoom, which requires little more than an internet-capable and camera-equipped device. The FDOC is directed to notify chambers by October 24, 2022, if it cannot facilitate Mr. Kroft's participation by Zoom and must instead transport him to Fort Myers for an in-person conference.**

4. **Written Submissions:** Each party will provide a confidential settlement statement **no later than October 28, 2022**. The statement will not be filed with the Clerk of Court, but will instead be emailed to the chambers email account: chambers_flmd_dudek@flmd.uscourts.gov .

The confidential settlement statement will:

- identify all persons, including counsel, who will attend the settlement conference with or on behalf of the party and specify which individual(s) hold final settlement authority;

- describe the remaining claims and defenses in the case and candidly assess their relative strengths and weaknesses both legally and factually;

3

- provide a reasonably detailed explanation of the submitting party's present position on remedies sought or resisted by the party (including damages, attorney's fees, costs and pre-judgment interest if recoverable);

- outline the settlement negotiations to date, including any offers and counteroffers made as to both monetary and non-monetary terms; and

- explain the party's settlement valuation, accounting for the reasonable probabilities for success at trial, the collectability of any awards, and the litigation expenses that may be avoided.

5. **Opening Presentations:** At the outset of the settlement conference, the court may call upon the parties or counsel to give a brief opening presentation outlining the factual and legal highlights of their respective cases before the parties separate into private caucuses.

6. **Confidentiality:** Notwithstanding Rule 408(b) of the Federal Rules of Evidence, all statements and presentations during the settlement conference, written or oral, are confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.

7. **Sanctions:** Failure to comply with any requirements in this order may result in the imposition of sanctions against the offending party(ies) and/or counsel.

**DONE AND ORDERED** in Fort Myers, Florida on October 19, 2022.

Kyle C. Dudek
United States Magistrate Judge

4

SA: FTMP-2

Copies to: counsel of record